IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

```
UNITED STATES OF AMERICA     )
                             )
     v.                      )   Criminal No. 05-64
                             )
ANDRE L. JACOBS              )
```

MEMORANDUM AND ORDER OF COURT

On March 22, 2005, a federal grand jury returned a one-count indictment against Andre L. Jacobs ("defendant") charging him with assaulting, resisting or impeding a federal employee in violation of 18 U.S.C. §111(a)(1) and (b). Presently before the court are numerous pretrial motions filed by defendant, including a motion to recuse, or in the alternative, for a change of venue (Document No. 27), a discovery motion (Document No. 28) and a motion to produce Rule 404(b) and 609 evidence (Document No. 29). The government has filed responses to defendant's motions.

The court first will address defendant's motion to recuse, or, in the alternative, for a change of venue. In this motion, defendant, pursuant to 28 U.S.C. §455(a), seeks recusal of not only this member of the court, but of all district court judges sitting in the Pittsburgh courthouse, on the basis of an appearance of partiality arising from the fact that the alleged victims in this case are United States Marshals stationed at the Pittsburgh courthouse. Alternatively, and for the same reason, defendant seeks, pursuant to Federal Rule of Criminal Procedure 18, a change of venue to another division of the Western District

of Pennsylvania, either Erie or Johnstown, for the trial of this case.  For the following reasons, defendant's motion will be denied.

Whenever a judge's impartiality "might reasonably be questioned" in a judicial proceeding, 28 U.S.C. §455(a) requires that the judge disqualify himself.  The applicable inquiry for recusal under that section is whether "'a reasonable [person] knowing all the circumstances would harbor doubts concerning the judge's impartiality.'" United States v. DiPasquale, 864 F.2d 271, 279 (3d Cir. 1988)(quoting Edelstein v. Wilentz, 812 F.2d 128, 131 (3d Cir. 1987)).  Thus, the issue is not whether a judge actually harbors subjective bias, but whether the record, viewed objectively, reasonably supports the appearance of prejudice or bias.  United States v. Antar, 71 F.3d 97, 101 (3d Cir. 1995).

Here, a reasonable person, knowing all the facts, would have no basis to question the impartiality of this, or any other, member of the court for any of the reasons advanced by defendant.  Defendant's primary contention is that an appearance of bias arises in this case because the alleged victims are deputy United States marshals who have a duty to ensure the protection of the very judge who will be making rulings in the case, and, if defendant is convicted, will be called upon to sentence defendant for an attack on individuals assigned with his protection.  Defendant further notes that certain other witnesses who may be

2

AO 72A
(Rev.8/82)

Case 2:05-cr-00064-DWA   Document 34   Filed 02/22/06   Page 3 of 8

called in the case also are courthouse personnel.

Viewed objectively, the record in this case simply does not reasonably support the appearance of judicial bias or prejudice based on these factors. First, it will be up to the jury, not the court, to judge the credibility of the defendant, the alleged victims and any other courthouse personnel who testify at trial, and the jury will be instructed that they are required to judge the testimony of the defendant and law enforcement personnel as they do that of any other witness.

Moreover, although the United States Marshals Service as an entity is entrusted with the protection of judges, they also are entrusted with the duty to protect all courtroom participants, including defendant and defense counsel. Furthermore, any judge in the federal system who would be assigned to this case upon a recusal would be subject to the same argument, as the marshals are assigned to protect all federal judges.

Finally, any concern defendant has stemming from the fact that he must be transported from the Allegheny County Jail to the Pittsburgh courthouse, and escorted through the courthouse by colleagues of the alleged victims, has nothing to do with the impartiality of the judge assigned to the case. Indeed, if any allegations of mistreatment at the hands of any marshals are raised by defendant or his counsel at any point during the trial, those allegations will be taken seriously and will be dealt with

3

AO 72A
(Rev.8/82)

promptly and with any appropriate action as may be warranted.

Viewing the circumstances of this case objectively, the court does not believe that any reasonable person could harbor doubts about the partiality of this, or any other, member of the court. Defendant has advanced no evidence or allegation that this member of the court has any type of personal relationship with either of the alleged victims or any other member of the United States Marshals Service stationed in Pittsburgh. The relationship between the judges of this court and the marshals is purely professional, no different than that between the court and the United States Attorney's Office, or for that matter, the Federal Public Defender's Office. As no reasonable person would question the impartiality of this or any other member of the court merely because the alleged victims are United States Marshals, recusal is not required under §455(a). Accordingly, defendant's motion to recuse will be denied.

For the same reasons, the court finds no basis for changing venue of this case to the Erie or Johnstown divisions pursuant to F.R.Cr.P. 18. Rule 18 provides that "the court must set the place of trial within the district with due regard for the convenience of the defendant and the witnesses, and the prompt administration of justice."[1]

---

[1] Defendant merely seeks a change of venue to another division within the Western District of Pennsylvania, rather than a change of venue outside this district, which would be governed

AO 72A
(Rev.8/82)

Taking into account these factors, the court believes that the prompt administration of justice and convenience of everyone is best suited if the trial takes place in Pittsburgh. The parties to this case, including defendant, who is incarcerated at the Allegheny County Jail, the alleged victims and the prospective witnesses all are in Pittsburgh, and it would be an inconvenience to everyone involved to try this case in Erie or Johnstown, particularly when, as the court explained in denying defendant's motion to recuse, there is no reasonable basis upon which to believe defendant will not receive a fair and impartial trial in Pittsburgh. Accordingly, defendant's alternative request for a change of venue likewise will be denied.

Defendant also has filed a discovery motion (Document No. 28) requesting disclosure by the government of certain specific information. The government in its response indicates that much of the information requested already has been turned over or will be turned over at an appropriate time with the exception of the entire personnel files of the deputy marshals involved in this case. The government instead requests that disclosure of personnel files be limited to information directly related to the incident in question. The court has considered defendant's discovery requests and will enter an order granting in part and denying in part defendant's discovery motion as set forth in

---

by F.R.Cr.P 21 rather than Rule 18.

detail in the accompanying order.

Defendant's third pending motion (Document No. 29) requests notice in advance of trial of any criminal offenses or other acts of misconduct that the government may seek to offer at trial pursuant to Fed.R.Evid. 404(b). In response, the government acknowledges its responsibility to provide reasonable advance notice of the general nature of other crimes, wrongs or acts committed by defendant and that it will provide notice of such acts no later than 10 days prior to trial. Likewise, the government requests that it be permitted to notify defendant no later than 10 days prior to trail of any evidence of convictions of defendant that are more than 10 years old that may be admissible pursuant to Fed.R.Evid. 609(b).

The court believes that 10 days prior to trial is reasonable advance notice under both Rule 404(b) and 609(b) and an order will be entered requiring the government to notify defendant no later than 10 days prior to trial of any evidence it may seek to introduce under either of those rules.

An appropriate order will follow.

February 27, 2006

Gustave Diamond
United States District Judge

ORDER OF COURT

AND NOW, this 22nd day of February, 2006, the court having considered defendant's pretrial motions and the government's responses thereto,

IT IS ORDERED that defendant's motion to recuse pursuant to 28 U.S.C. §455(a), or in the alternative, for change of venue (Document No. 27) be, and the same hereby is, **denied**; and,

IT FURTHER IS ORDERED that defendant's discovery motion (Document No. 28) be, and the same hereby is, **granted in part and denied in part**, as follows:

1) The government shall disclose all Brady exculpatory material forthwith;

2) The government shall disclose all Brady impeachment material and Rule 16(a) material no later than ten days prior to trial;

3) The government shall disclose all Jencks material in accordance with 18 U.S.C. §3500(b), but with encouragement to disclose such material no later than ten days prior to trial;

4) The specific discovery requests as set forth in defendant's discovery motion be, and the same hereby are, **granted in part and denied in part** as follows:

   A) ¶ 1 of defendant's motion is denied to the extent it seeks information already provided by the government, but is granted to the extent any additional information required to be disclosed pursuant to F.R.Cr.P. 16(a)(1)(A) becomes available, in which event such information shall be disclosed forthwith;

   B) ¶ 2 of defendant's motion seeking the medical records of the Deputy Marshals involved in this incident is granted and such records shall be disclosed forthwith;

- C) ¶ 3 of defendant's motion is denied to the extent it seeks all personnel records of the Deputy Marshals involved but is granted to the extent it seeks personnel records directly related to the incident at issue, and portions of such records constituting Brady and/or Jencks material shall be disclosed as set forth in ¶ 2 of this order;

- D) ¶ 4 of defendant's motion is denied to the extent it seeks tangible evidence already provided by the government but is granted to the extent any additional tangible evidence becomes known to the government and such evidence shall be disclosed forthwith;

- E) ¶ 5 of defendant's motion is granted and the government shall disclose all statements falling within the residual exception to the hearsay rule pursuant to Federal Rule of Evidence 807 no later than ten days prior to trial; and,

IT FURTHER IS ORDERED that defendant's motion to produce evidence which the government intends to use under Federal Rules of Evidence 404(b) and 609 (Document No. 29), be, and the same hereby is, **granted**, and the government shall file notice of the general nature of any evidence it intends to introduce under Rule 404(b) as well as any prior convictions more than 10 years old it intends to introduce under Rule 609(b) no later than ten days prior to trial.

*/s/ Gustave Diamond*
Gustave Diamond
United States District Judge

cc:  Stephen R. Kaufman
     Assistant U.S. Attorney

     Jay J. Finkelstein
     Assistant Federal Public Defender