IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>vs.                          )     Criminal No. 05-64<br>)<br>ANDRE L. JACOBS              ) | |

MEMORANDUM ORDER OF COURT

AND NOW, this 18th day of November, 2009, upon due consideration of defendant's "motion for emergency relief and for reconsideration" (Document No. 110), IT IS ORDERED that defendant's motion be, and the same hereby is, denied.

On April 26, 2006, defendant was convicted by a jury of assaulting, resisting or impeding a federal employee. On October 2, 2006, defendant was sentenced by this court to a term of imprisonment of 210 months. Defendant appealed and his conviction and sentence were affirmed by the United States Court of Appeals for the Third Circuit on June 27, 2008.

On September 11, 2009, defendant filed a motion to vacate under 28 U.S.C. §2255. On September 14, 2009, this court filed a Notice advising defendant of the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA") regarding second or successive habeas petitions. Defendant was notified that he was obligated under the AEDPA to raise all claims for relief in a single petition and he was provided three options: (1) withdrawing his petition and filing a new petition raising any additional claims; (2) amending his petition to add additional claims; or, (3) proceeding with his petition as filed.

%AO 72
(Rev. 8/82)

The Notice expressly informed defendant that he "must notify the court in writing of your election of one of these three options by **October 13, 2009**" and that "failure to so notify the court will constitute an election by you to have the motion adjudicated in the form in which it was filed."

The October 13, 2009, deadline passed with no response from defendant. Accordingly, by Order dated October 20, 2009, the court construed defendant's failure to notify the court as an election to have his motion adjudicated in the form it was filed and the government was ordered to file a response to defendant's motion by November 20, 2009.

On November 3, 2009, two weeks after the court's order was entered and three weeks after his deadline for notifying the court of his election, defendant filed the pending "motion for emergency relief and for reconsideration." In that motion, defendant sets forth a litany of grievances against the Pennsylvania Department of Corrections alleging, *inter alia,* that he is being denied access to the law library, that his mail is being tampered with, and that he is being subjected to "psychological torture and fear of death."

To the extent defendant's pending motion seeks reconsideration of this court's order construing his failure to respond as an election to have his §2255 petition adjudicated in the form in which it was filed and ordering the government to respond, said motion is denied. The court's notice provided defendant with over a month to notify the court in writing if he

2

wished to amend his petition. He failed to do so within that time frame, nor did he attempt to notify the court prior to October 13, 2009, of the allegations he now raises for the first time.

In addition, defendant's pending motion implies that the alleged harassment he is experiencing at the prison has been ongoing since November 26, 2008. If, in fact, defendant is being denied access to the law library, it is unclear how he was able to file his §2255 motion containing the numerous claims he already has raised therein. Finally, defendant makes no assertion that he has any additional non-frivolous grounds for relief that he potentially could raise in an amended §2255 petition.

To the extent that defendant is attempting to raise claims regarding prison conditions, those allegations are not properly before the court in a §2255 proceeding.

Accordingly, for the foregoing reasons, defendant's motion will be denied.

_____
United States District Judge


cc:   Stephen R. Kaufman
      Assistant United States Attorney

      Andre Jacobs

3

AO 72
(Rev. 8/82)