# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES | ) |
| | ) CR 5-64 |
| | ) |
| v. | |
| ANDRE L. JACOBS | |

## OPINION AND ORDER

### SYNOPSIS

On April 26, 2006, a jury convicted Defendant of one Count of assaulting resisting or impeding a federal officer in violation of 18 U.S.C. § 111(a)(1), (b). On October 2, 2006, Defendant was sentenced as a career offender to a term of imprisonment of 210 months, to be served concurrently with a term being served in state court, followed by a three-year term of supervised release. Defendant, now 38 years old, is presently housed at FCI Allenwood. His projected release date is August 25, 2021, and he is to be released to Renewal, a halfway house, on December 1, 2020. Defendant has filed a Motion for compassionate release pursuant to 18 U.S.C. § 3582. The Government has responded. The parties agree that Defendant has fulfilled applicable exhaustion requirements. For the following reasons, Defendant's Motion will be denied.

### OPINION

A court may reduce a term of imprisonment pursuant to 18 U.S.C. § 3582 if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that "extraordinary and compelling reasons warrant the reduction." U.S.S.G. § 1B1.13.[1] According to pertinent application notes, circumstances that might constitute

---

[1] While the Sentencing Commission's policy statement is not dispositive, it constitutes "helpful guidance." Doolittle, 2020 U.S. Dist. LEXIS 127801, at *6.

1

extraordinary and compelling reasons include "a serious physical or medical condition." Id. at comment. n. 1(A), (C)). In addition, any reduction in sentence must be "consistent with applicable policy statements issued by the Sentencing Commission," 18 U.S.C. § 3582(c)(1)(A). "Extraordinary and compelling reasons" may exist based on the defendant's serious physical or medical condition, if that condition substantially diminishes his ability to provide self-care within the correctional facility environment and from which he is not expected to recover. U.S.S.G. § 1B1.13, comment. n. 1(A)(ii)).  To merit compassionate release, Defendant must show more than concerns about possibly being exposed to or contracting the virus. See, e.g., United States v. Kealoha, No. 17-00555, 2020 U.S. Dist. LEXIS 117698, at *17 (D. Haw. July 6, 2020).  The Defendant bears the burden of proving that extraordinary and compelling reasons exist. See United States v. Smith, No. 9-187, 2020 U.S. Dist. LEXIS 129218, 2020 WL 4047485, at *2 (W.D. Pa. July 20, 2020).

Defendant has submitted evidence that he suffers from hypertension and post-traumatic stress disorder ("PTSD"), and avers that as a member of an ethnic or racial minority, those factors place him at increased risk.  The CDC states that hypertension "might" place a person at increased risk for complications from COVID-19. https://cdc.gov/coronavirus (accessed Sept. 18, 2020).  Courts have indicated that hypertension alone does not generally constitute an extraordinary and compelling circumstance that justifies relief under Section 3582. See, e.g., United States v. Dillon, No. 03-252, 2020 U.S. Dist. LEXIS 170575, at *5 (E.D. La. Sep. 17, 2020); United States v. Frederick H. Banks, No. 2:15-cr-00168, 2020 U.S. Dist. LEXIS 152790, at *11 (W.D. Pa. July 30, 2020); United States v. Thornton, No. 18-167, 2020 U.S. Dist. LEXIS 134434, at *8 (W.D. Pa. July 29, 2020).

As regards the contention that PTSD warrants relief, courts have looked to whether the record contains evidence that a defendant's mental health has significantly worsened due to COVID-19 restrictions.  See, e.g., United States v. Ashmore, No. 16-231, 2020 U.S. Dist. LEXIS 158935, at *5 (D. Minn. Sep. 1, 2020).  Compassionate release has been granted where, for example, the evidence showed that "[t]he very steps being taken to prevent [defendant] from contracting the virus have aggravated his mental condition." United States v. Pina, No. 18-cr-179, 2020 U.S. Dist. LEXIS 113822, at *4 (S.D.N.Y. June 29, 2020).  In Pina, for example, the Court considered medical opinion evidence that suggesting that defendant's chronic symptoms had worsened, and that he was "experiencing increasingly severe mental distress as a result of the lockdown procedures imposed … and that this might well lead him to seek to harm himself. This danger constitutes an 'extraordinary and compelling reason' warranting a reduction in the term of imprisonment." Id. at **4-5.  Absent such particularized evidence, courts have deemed claims based on PTSD to be "nothing more than" generalized concerns about possible exposure to COVID-19.[2]  See, e.g., United States v. Sam, No. 17-83, 2020 U.S. Dist. LEXIS 108474, at *13 (E.D. La. June 22, 2020).

In this case, the record reflects a diagnosis of hypertension, as well as his treatment with medication for same (and, at least on one occasion, medication refusal).  Defendant submits testimony from 2009 proceedings in this Court, indicating that Defendant, at that time, had been diagnosed with PTSD.  He also submits an affidavit that addresses general issues such as the exacerbation of mentally ill prisoners' stress, due to the COVID-19 pandemic, and the weakening of immune system caused by mental illness.  The record is devoid of evidence

---

[2] In United States v. Johnson, No. 15-125, 2020 U.S. Dist. LEXIS 86309, **32-33 (D.D.C. May 16, 2020), to which Defendant cites, the defendant suffered from serious preexisting conditions, "including" hypertension and obesity. Prior to considering defendant's PTSD, the Court found that defendant's physical conditions constituted extraordinary and compelling reasons that warranted release. Id. at *33.

regarding Defendant's current mental health condition, and of any evidence that COVID-19-related restrictions or conditions are exacerbating or otherwise affecting same. Indeed, Defendant's position centers on the argument that if he were to contract the virus, the subsequent isolation will be damaging, and on the assertion that mental illness can compromise the immune system. At FCI Allenwood, there are currently zero inmate cases of COVID-19. Bop.gov/coronavirus/ (accessed Sept. 18, 2020). In addition, in approximately three months, Defendant will be released to Renewal, a halfway house. Thus, in the near future, he will no longer be subject to the feared or present conditions existing at FCI Allenwood. Moreover, the BOP continues to implement its COVID-19 Action Plan. https://www.bop.gov/coronavirus/overview.jsp#bop_emergency_response (accessed Sept. 18, 2020).

      The Court recognizes that Defendant has served the majority of his sentence, and that his many accomplishments while incarcerated are commendable. I empathize with and do not minimize Defendant's overall situation, including both his current and past hardships. Nonetheless, I cannot find that extraordinary and compelling reasons warrant his release at this juncture. Release must be grounded on such reasons; compassion alone is not enough, nor is it enough that other applicable factors, such as those identified in Section 3553, might support release. Under the circumstances and the record before me, I find that Defendant's original sentence remains sufficient, but not greater than necessary, to meet all of the goals of sentencing. His Motion will be denied at this time. An appropriate Order follows.

BY THE COURT:

*Donetta F. Ambrose*

_____

Donetta W. Ambrose
Senior Judge, U.S. District Court

Dated: September 24, 2020

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES | ) |
| | ) CR 5-64 |
| | ) |
| v. | |
| ANDRE L. JACOBS | |

**ORDER**

AND NOW, this 24th day of September, 2020, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion is denied.

BY THE COURT:

_____

Donetta W. Ambrose
Senior Judge, U.S. District Court