IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES | ) |
| | ) CR 5-64 |
| v. | ) |
| | ) |
| ANDRE L. JACOBS | |

**MEMORANDUM ORDER**

Previously, Defendant filed a thorough, capable counseled Motion for compassionate release. By Order dated September 24, 2020 ("September 24 Order"), the Motion was denied. Defendant has filed a pro se Motion for Reconsideration of that Order, and the Government has responded. Defendant's submission has been assessed pursuant to liberal standards applicable to pro se litigants.

In denying Defendant's Motion, I noted that "Defendant's position centers on the argument that if he were to contract the virus, the subsequent isolation will be damaging, and on the assertion that mental illness can compromise the immune system." Again, release is appropriate if Defendant has a serious medical or physical condition, "if that condition substantially diminishes his ability to provide self-care within the correctional facility environment and from which he is not expected to recover." U.S.S.G. § 1B1.13, comment. n. 1(A)(ii)). As a general matter, motions for reconsideration are to be granted sparingly, due to the interest in finality of judgments. See, e.g., Sec'y United States Dep't of Labor v. Koresko, 726 F. App'x 127, 132 (3d Cir. 2018).

Presently, Defendant submits the June 22, 2020 report of Michael J. Zigmond, Ph.D, which appears to have been prepared in connection with a separate civil lawsuit. Dr. Zigmond states that he had spoken with Defendant over the phone multiple times in the months prior to his report, as well as exchanging letters and e-mails. Dr. Zigmond's report addresses the use and

1

effects of solitary confinement generally, and recounts Defendant's extremely difficult experiences, both in childhood and while incarcerated. Based on this information, Dr. Zigmond opines that Defendant's mental illness, including PTSD, has been exacerbated by his years in prison, particularly those spent in solitary confinement. I have no reason to doubt, for present purposes, Dr. Zigmund's conclusion that Defendant continues to suffer as a result of his experiences. The present submission, however, does not "cure" the concerns raised in my September 24 Order. For example, it does not address the effects of COVID-19-related restrictions on Defendant's mental state. Instead, the record in that regard remains unchanged since Defendant's counseled Motion was denied.

At present, there are four positive inmate COVID-19 cases and zero positive staff cases at FCI Allenwood Medium, where Defendant is housed. https://www.bop.gov/coronavirus/ (accessed Nov. 6, 2020). The facility houses 1051 inmates. https://www.bop.gov/locations/institutions/alm/ (accessed Nov. 6, 2020). At this juncture, approximately one month remains until Defendant is to be released to Renewal, a halfway house. Other Courts have denied requests for early placement in a halfway house, on grounds that the decision to place a defendant in a halfway house is left to the Bureau of Prisons' discretion. See, e.g., United States v. Heyward, No. 408-203, 2020 U.S. Dist. LEXIS 155940 (S.D. Ga. Aug. 27, 2020).

As stated in my September 24 Order, I recognize the difficulties inherent in Defendant's situation. Nonetheless, I am bound by legal standards, and under those standards, Defendant's Motion for Reconsideration must be denied.

AND NOW, this \_\_ day of November, 2020, IT IS SO ORDERED.

                           BY THE COURT:

                           */s/ Donetta W. Ambrose*

                           _____

                           Donetta W. Ambrose
                           Senior Judge, U.S. District Court