IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 05-64 |
| | ) |
| ANDRE JACOBS | ) |

### Memorandum Opinion and Order

Andre Jackson has filed a Motion for Early Termination of Supervised Release, wherein he requests early termination of his 3-year term of supervised release.[1]  ECF No. 167. The government has filed a Response, opposing the motion.  ECF No. 171.  For the reasons explained below the Motion will be denied.

**I.    Background**

Following a jury trial, Mr. Jacobs was convicted of Assaulting, Resisting, or Impeding a Federal Officer, in violation of 18 U.S.C. §§ 111(a)(1) and (b).  On September 27, 2006, he was sentenced by Judge Gustave Diamond to 210 months' imprisonment to be followed by 3 years of supervised release.  Mr. Jacob's term of supervision began when he was released from his term of imprisonment on August 25, 2021.

**II.    Applicable Law**

Early termination of a term of supervised release is authorized under 18 U.S.C. § 3583(e).  A court may terminate a term of supervised release and discharge the defendant after the expiration of one year of supervised release if the court "is satisfied that such action is

---

[1] Mr. Jacobs has attached numerous exhibits in support of his motion.  ECF No. 167-1 to 167-8 (Exs. A-H) & ECF No. 179, Ex. E-1 (Under Seal).  The Court has reviewed Mr. Jacobs' exhibits.

warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020) (citation omitted). In making this determination, the Court must consider the factors set forth in 18 U.S.C. § 3553(a)[2]. "District courts are not required to make specific findings of fact with respect to each of these factors; rather, 'a statement that [the district court] has considered the statutory factors is sufficient.'" *Melvin*, 978 F.3d at 52–53 (3d Cir. 2020) (quoting *United States v. Gammarano*, 321 F.3d 311, 315–16 (2d Cir. 2003)). Although new circumstances are not required in order terminate supervision early, the Third Circuit Court of Appeals has explained the "general rule" that "if a sentence was 'sufficient, but not greater than necessary' when first pronounced, 18 U.S.C. § 3553(a), we would expect that something will have changed in the interim that would justify an early end to a term of supervised release." *Melvin*, 978 F.3d at 53.[3]

### III.   Mr. Jacob's Argument

Mr. Jacobs argues that early termination of his supervised release is warranted for several reasons. After his release from FCI Allenwood, Mr. Jacobs was assigned to a halfway

---

[2] The factors under 18 U.S.C. § 3553(a) are:: (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a)(1), (2)(B)-(D) & (4)-(7).

[3] To be clear, the Court acknowledges that, even in the absence of new circumstances, it has the discretion to terminate supervision early. *United States v. Melvin*, 978 F.3d 49, 53 (3d Cir. 2020).

house in Pittsburgh, Pennsylvania from December 15, 2020 until his 3-year term of supervised release formally began on August 25, 2021.  During that time, he did not violate any of the facility's rules or his conditions of supervised release." ECF No. 167, at ¶ 6.  He points out that he has already served over one year of the term of supervision.  At the time of the filing of his Motion, he had been compliant with the requirements of his supervised release.  ECF No. 167, at ¶ 8.  He also cites to his good behavior during his last seven years in prison and his involvement in numerous educational and instructional programs in prison.  Upon release, or shortly thereafter, Mr. Jacobs obtained employment, working as a cook at the Yard and working as a paralegal for attorney Martha Conley.  He also earns a living through his own business, Supreme Global Network.

## IV.     Discussion

The Court acknowledges that at the time Mr. Jacob's Motion was filed on June 25, 2023, he did appear to be compliant with the terms and conditions of his supervision.  The Court further acknowledges Mr. Jacobs' success at obtaining employment.  However, on July 20, 2023, the Court received a Petition reporting that Mr. Jacobs had violated the conditions of his release by committing a crime in Harrisburg, Pennsylvania on July 9, 2023.  ECF No. 172.  On July 26, 2023, the Probation Officer reported that Mr. Jacob's criminal charges were pending in the Dauphin County Court of Common Pleas.  ECF No. 178.  Mr. Jacobs was scheduled for a preliminary hearing in that case on August 14, 2023.  *Id.*  As a result, the Probation Officer requested that the Court approve the dismissal without prejudice of the current Petition for Violation of Supervised Release in this Court.  The Court signed off on

dismissing the Petition without prejudice; and further, Mr. Jacobs was released from federal custody. ECF No. 181.

Mr. Jacobs alleged activity, as reported in the Petition for violation and as is currently being prosecuted in Dauphin County, demonstrates a probable violation of a condition of supervision shortly after Mr. Jacobs' request for early termination of supervision. Such conduct supports denial of the request to terminate supervised release. Furthermore, the conduct he engaged in demonstrates that Mr. Jacobs needs supervision as part of his sentence. Furthermore, supervision in this case will also help assure the safety of the community.

As to Mr. Jacob's asserted good conduct prior to July 9, 2023, the Court expects that all defendants on supervised release will successfully comply with the conditions of supervision, and compliance alone is unlikely to be sufficient to warrant the early termination of supervised release in most cases. Significantly, Mr. Jacob was convicted of a serious and dangerous crime involving assaults upon three United States Deputy Marshals. As the government points out, Mr. Jacobs has an extensive criminal history involving violence. Gov. Resp., ECF No. 171, at 4 (quoting Mem. Order and Tent. Findings and Rulings, ECF No. 91, at 9-11). The offense of conviction in this case, along with Mr. Jacob's past criminal history, also weigh against early termination of supervised release at this time.

### V.     Conclusion

After reviewing the factors to be considered for early termination of supervised release as set forth in 18 U.S.C. § 3583(e)(1), and the factors listed under section 3553(a), the Court finds that it is not in the interest of justice to terminate Mr. Jacob's supervised release at this time.

Accordingly, the following Order is hereby entered.

AND NOW, to-wit, this 16th day of August 2023, it is hereby ORDERED that Andre Jacob's Motion for Early Termination of Supervised Release, ECF No. 167, is DENIED.

                                                            s/*Marilyn J. Horan*
                                                            Marilyn J. Horan
                                                            United States District Court Judge